# KAPLAN, MASSAMILLO & ANDREWS, LLC

70 EAST 55TH STREET
25TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 922-0450
FACSIMILE (212) 922-0530
www.kmalawfirm.com

**MEMO ENDORSED**

CHICAGO OFFICE
[... ...] STREET
[16th] FLOOR
CHICAGO, ILLINOIS 60606
TELEPHONE (312) 345-3000
FACSIMILE (312) 345-3119

JENNIFER HUANG
jhuang@kmalawfirm.com
(212) 991-5918

November 9, 2018

**VIA ECF**

Hon. Kenneth M. Karas, U.S.D.J.
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    RE:    **City of Newburgh v. United States of America, et. al.**
              **Case No.: 7:18-cv-07057-KMK**

Dear Judge Karas:

      We represent Defendant Federal Express Corporation ("FedEx") in the referenced matter. In accordance with your Honor's Individual Rules of Practice, we respectfully submit this letter to request a pre-motion conference in connection with the filing of a pre-Answer motion[1] pursuant to Rules 8, 10 and 12(b)(6) of the Federal Rules of Civil Procedure dismissing all causes of action against FedEx in this matter.

      This lawsuit arises from the alleged contamination and pollution of the City of Newburgh's water supply source and systems due to the discharge, release, spill and/or disposal of various hazardous waste and substances at Stewart International Airport ("the Airport") and Stewart Air National Guard Base ("the Base"), both of which are located in the neighboring town of New Windsor, New York. *See* Complaint ¶¶1-2 [D.E. 1]. On August 6, 2018, the City of Newburgh ("City") filed its Complaint against 23 named Defendants in its capacity as: (1) the owner of real property ("City Property") in the Towns of New Windsor and Newburgh containing the Washington Lake Reservoir ("Washington Lake"), the primary water supply for the City, portions of the City's drinking water reservoir watershed ("City Watershed"), and other parts of the City's public water supply and distribution system ("City Water System") and (2) as a user of waters that flow through the City Watershed; and (3) as the operator of this public water supply system for City residents, businesses and other water users. *See* Complaint ¶1 [D.E. 1].

---

[1] FedEx signed a Waiver to the issuance of a Summons pursuant to Fed.R.Civ.P. Rule 4(d), and its response to the Complaint is now due on November 12, 2018. Thus, pursuant to your Honor's Individual Rules of Practice, at ¶ IIA., this request will now stay the deadline for FedEx to file its motion.

KAPLAN, MASSAMILLO & ANDREWS, LLC

Hon. Kenneth M. Karas, U.S.D.J.
November 9, 2018
Page 2

The general factual basis for the Complaint is that the Defendants either manufactured, discharged, released, spilled and/or disposed of hazardous waste and substances, including those containing perfluorooctanesulfonic acid ("PFOS") and perfluorooctanoic acid ("PFOA")[2], and owned and/or currently own, leased and/or currently lease the land where disposal of such hazardous waste and substances occurred and/or are occurring. *See* Complaint ¶¶ 2-5 [D.E. 1].

The Complaint asserts a total of thirteen (13) causes of action against the Defendants, eight (8) of which are asserted against FedEx and certain other non-manufacturer defendants: (1) First Cause of Action Under the Resource Conversation and Recovery Act; (2) Third Cause of Action Under the Comprehensive Environmental Response Compensation and Liability Act; (3) Fourth Cause of Action for Negligence; (4) Sixth Cause of Action for Strict Liability for Abnormally Dangerous Activities; (5)Tenth Cause of Action for Public Nuisance; (6) Eleventh Cause of Action for Trespass; (7)Twelfth Cause of Action for Equitable and/or Implied Indemnification; (8) Thirteenth Cause of Action for Restitution. With respect to the paragraphs encompassing these causes of action, the allegations against each Defendant are similar, vague and conclusory in that no distinct facts are asserted against each individual Defendant. Instead, the allegations are repetitious, conclusory and consist of a "formulaic recitation" of the elements required of the causes of action.

In fact, with respect to FedEx, the City relies only upon one specific factual allegation against it: that as a result of a September 5, 1996 emergency landing of FedEx Flight 1406 at the Airport due to a fire in the cabin ("1996 Accident"), the aircraft was destroyed by fire and allegedly resulted in "a high-volume broadcast of AFFF [being] discharged and/or released to extinguish the flames; but the AFFF was not contained or was inadequately contained." *See* Complaint ¶ 207, *See also, generally*, Complaint [D.E. 1]. As an initial matter, while Plaintiff alleges that there are other lawsuits filed by other plaintiffs pending before this and other courts for the same contaminations alleged here, this is the only action in which FedEx is a defendant.

### Plaintiff's Complaint Fails To Comply With Federal Pleadings Standards

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the factual content allows the court to infer that the defendant is liable for the misconduct alleged. *Id.* Although Rule 8(a) does not require "detailed factual allegations," it requires more than an "unadorned, the-defendant-

---

[2] According to the Complaint, beginning in approximately 2009, the Environmental Protection Agency ("EPA), the U.S. Department of Health and Human Services ("HHS"), as well as other public agencies, issued health advisories and conducted studies associating exposure of various amounts of PFOA and PFOS with several adverse health effects.

KAPLAN, MASSAMILLO & ANDREWS, LLC

Hon. Kenneth M. Karas, U.S.D.J.
November 9, 2018
Page 3

unlawfully-harmed-me accusation." *Id.* Thus, a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* Further, each claim must be "limited as far as practicable to a single set of circumstances," and, in order to promote clarity, "each claim founded on a separate transaction or occurrence…must be stated in a separate count." Fed. R. Civ. P. 10(b).

Apart from the general allegation asserted near the beginning of the Complaint under the subheading "II. Properties Impacted," that FedEx discharged or released AFFF following the 1996 Accident, Plaintiff provides no other facts, or legal grounds to support each of the causes of action asserted against it. The allegations in each of the causes of action asserted against FedEx are purely speculative, and provide insufficient clarity to allow FedEx to frame a responsive pleading. For example, with respect to the first cause of action under the Resource Conservation and Recovery Act, other than generally alleging that FedEx was a "generator" or "transporter," Plaintiff asserts no specific allegations with respect to FedEx's alleged role as "generator" or "transporter." It is thus unclear how the 1996 Accident contributed to this alleged contamination, or how such contamination that occurred at least 20 years ago now presents an imminent or substantial endangerment. Indeed Plaintiff's general reliance on the 1996 Accident as a basis for its causes of action against FedEx is so conclusory, and the incident so remote from the factual allegations, that all or certain of the causes of action—even if further particularized—likely are subject to a with prejudice dismissal.

For these and other reasons which will be more fully addressed in its motion to dismiss, FedEx has a reasonable basis to proceed, and respectfully requests a pre-motion conference.

Respectfully submitted,

KAPLAN, MASSAMILLO & ANDREWS, LLC

Jennifer Huang

cc: All Counsel of Record (VIA ECF)

The Court has stayed this action pending the JPMDL's resolution of the pending motion. This stay applies to all parties in this case. So ordered.

KMK 11/20/18